1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    ANTHONY L. ALLEN,                      No.  2:21-cv-00344 DB P
12                   Plaintiff,
13          v.                               ORDER
14    SACRAMENTO COUNTY, et al.,
15                   Defendants.
16
17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims defendants violated plaintiff's Sixth, Eighth, and Fourteenth

19    Amendment rights due to alleged improper COVID-19 protocols.  Before the court is plaintiff's

20    complaint for screening (ECF No. 1) and plaintiff's request to proceed in forma pauperis (ECF

21    No. 2).

22          For the reasons stated below, plaintiff's request to proceed in forma pauperis (ECF No. 2)

23    will be denied and the complaint (ECF No. 1) will be dismissed with leave for plaintiff to file an

24    amended complaint.

25                              **IN FORMA PAUPERIS**

26          Plaintiff, a county inmate proceeding pro se, has filed a civil rights action pursuant to 42

27    U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28

28    U.S.C. § 1915.  However, the certificate portion of the request which must be completed by

1

1    plaintiff's institution of incarceration has not been filled out.  Also, plaintiff has not filed a

2    certified copy of his inmate trust account statement for the six month period immediately

3    preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).

4        Plaintiff will be provided the opportunity to submit a completed in forma pauperis

5    application and a certified copy in support of his application.

6                        **SCREENING**

7    **I.    Legal Standards**

8        The court is required to screen complaints brought by prisoners seeking relief against a

9    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

10   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

11   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13   U.S.C. § 1915A(b)(1) & (2).

14       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

20   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

21   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

22   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

23   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24       However, in order to survive dismissal for failure to state a claim a complaint must

25   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

26   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

27   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

28   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

### III.    Allegations in the Complaint

Plaintiff indicates in the complaint that, at all relevant times, he was an inmate at the Rio Cosumnes Correctional Center ("RCCC"). (ECF No. 1 at 3.) Plaintiff names as defendants the County of Sacramento and RCCC. (Id. at 1.)

In the complaint, plaintiff alleges that Centers for Disease Control ("CDC") COVID-19 recommendations were not followed by RCCC. (Id. at 3.) Specifically, plaintiff states that recommendations from the CDC related to social distancing, masks, and cleanliness were not complied with. (Id.) Plaintiff also suggests that he contracted COVID-19 due to "the Sacramento sheriff's dept's negligence and disregard for human life, safety, and well being." (Id.)

Plaintiff seeks relief in the form of five million dollars in damages and "awareness of the virus for human safety and rights." (Id.)

### IV.    Does Plaintiff State a § 1983 Claim?

#### A.    Possible Failure Exhaust Administrative Remedies

The complaint suggests that plaintiff has not properly exhausted his administrative remedies at RCCC prior to filing the instant action. (See ECF No. 1 at 2) (indicating that plaintiff had submitted a grievance but that the grievance process had not been completed). As a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time. However, the plaintiff is again warned that should defendants be ordered to respond to this action, any

4

failure to exhaust that can be substantiated may be proffered by defendants as an affirmative

defense in support of the dismissal of this action.  See generally Albino v. Baca, 747 F.3d 1162,

1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and

prove).

**B.  Substantive Claims**

Plaintiff has not alleged sufficient facts to state a claim under § 1983.  Plaintiff seeks to

bring claims against the defendants for violation of plaintiff's rights under the Sixth, Eighth, and

Fourteenth Amendments.  (ECF No. 1 at 3.)  However, the complaint only contains a single short

paragraph as to these claims.  (See Id.)

In order to state a § 1938 claim plaintiff must contain factual allegations sufficient "to

raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  Additionally,

there must exist an actual connection or link between the actions of the defendants and the

deprivation alleged to have been suffered by plaintiff.  See Monell, 436 U.S. 658; Rizzo, 423 U.S.

362.

Plaintiff has not alleged any facts related to his claims.  Plaintiff only states that CDC

recommendations were not followed and that he contracted COVID-19 as a result of negligence

by the Sacramento County Sheriff's Office ("SCSO").  (ECF No. 1 at 3.)  Plaintiff does not

identify how defendants' failure to follow the CDC's recommendations violated his constitutional

rights.  Plaintiff also does not allege any facts establishing how the recommendations were not

followed.  As such, plaintiff's complaint does not contain sufficient factual allegations to give the

defendant fair notice of plaintiff's claims and the factual allegations that support them.  Bell

Atlantic, 550 U.S. at 555.

Additionally, the claim that plaintiff contracted COVID-19 due to negligence by the

SCSO is conclusory.  The complaint does not specify the actions or omissions by the defendant

that resulted in a deprivation of plaintiff's rights.  (See ECF No. 1 at 3.)  As plaintiff has not

alleged facts in support of his claims or identified the specific actions taken by defendants that

deprived plaintiff of his rights, the complaint fails to state a claim for which relief can be granted.

Johnson, 588 F.2d at 743.

5

Accordingly, plaintiff's complaint will be dismissed. Plaintiff will be given leave to file an amended complaint.

## AMENDING THE COMPLAINT

This court finds above that plaintiff has failed to state a claim in the complaint. Plaintiff will be given leave amend his complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
////

1   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

2   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

3          The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

4   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

5   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

6   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

7   set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

8   ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

9   litigation on the merits of a claim."); Fed. R. Civ. P. 8.

10          An amended complaint must be complete in itself, without reference to any prior pleading.

11   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

12   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

13   evidentiary support for his allegations, and for violation of this rule, the court may impose

14   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

15   ////

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

7

1

**CONCLUSION**

2    For the foregoing reasons, IT IS HEREBY ORDERED as follows:

3    1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied.

4    2.  Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit

5        in support of his request to proceed in forma pauperis on the form provided by the Clerk

6        of Court.

7    3.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma

8        Pauperis By a Prisoner.

9    4.  Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his

10       inmate trust account statement for the six month period immediately preceding the filing

11       of the complaint.

12   5.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

13   6.  Plaintiff is granted thirty days from the date of service of this order to file an amended

14       complaint.  The amended complaint must bear the docket number assigned to this case

15       and must be labeled "First Amended Complaint."

16   7.  Failure to comply with this order will result in a recommendation that this action be

17       dismissed.

18   Dated:  October 26, 2021

19

20

21   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26   DB:14
     DB/DB Prisoner Inbox/Civil Rights/S/alle0344.scrn

27

28