UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE ALLEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-00344 DB P<br><br><br>ORDER |

　　　　Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims that his rights under the Eighth Amendment were violated in connection with plaintiff contracting COVID-19.  (ECF No. 23 at 1.)  Before the court is plaintiff's Second Amended Complaint for screening.  (ECF No. 23.)  For the reasons stated below, the complaint will be dismissed with leave to amend.

　　　　Plaintiff has also filed several other motions.  As addressed below, plaintiff's motion to amend the complaint (ECF No. 22) and his application to proceed in forma pauperis (ECF No. 16) will be granted.  Plaintiff's motions for extension of time (ECF Nos. 17, 24) and his motion to compel discovery (ECF No. 25) will be denied as premature.

////

////

////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 16.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**MOTION TO AMEND THE COMPLAINT**

Plaintiff has requested to amend his complaint to alter the damages requested in the complaint. (ECF No. 22.) Specifically, plaintiff has requested to make the Second Amended Complaint ("SAC") the operative complaint in this action. (Id.) As plaintiff's complaint has not yet been screened or served, plaintiff may amend his complaint without leave of the court. See Fed. R. Civ. P. 15(a)(1). Accordingly, plaintiff's motion to amend the complaint will be granted and the SAC (ECF No. 23) will be considered the operative complaint in this action at the time of screening.

////
////
////
////
////
////
////
////

2

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious

liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id.

### III.   Allegations in the Complaint

In the SAC complaint, plaintiff indicates that at all relevant times he was located at Rio Consumnes Correctional Center ("RCCC"). (ECF No. 23 at 4.) Plaintiff names Sacramento County and RCCC as the only defendants in this action. (Id. at 2.)

Plaintiff alleges that he tested positive for COVID-19 while housed in RCCC. (ECF No. 3.) Plaintiff claims that this was "due to the negligence of sheriffs as well as medical staff." (Id. at 4.) Plaintiff states that he is still feeling the effects of his illness and is "constantly seeing medical for post covid symptoms." (Id.) Plaintiff also mentions that "CDC recommendations were not met. Social distaceing [sic], mask wearing and at the time a uncleanly enviorment [sic]." (Id. at 3.)

Plaintiff also claims that he is not getting "mail on time" related to the present action and that, as a result, he has been unable to "file motions and respond on time" to the court. (Id. at 4.) Plaintiff claims that this is the result of retaliation for plaintiff filing a lawsuit against the Sacramento County Sheriff's Department. (Id.)

Based on the above claims, plaintiff seeks "punitive damages and…5 million dollars." (Id. at 5.)

### IV.   Does Plaintiff State a Claim under § 1983?

Plaintiff has only named Sacramento County and RCCC, an institution run by Sacramento County Sheriff's Department, as defendants. (ECF No. 23 at 2.) The SAC does not identify any individuals as defendants nor does he name any individuals in the supporting facts for his claims. (See Id.) As such, plaintiff fails to state claims against any defendants in their individual capacity as the complaint does not satisfy the linkage requirement for § 1983 claims. See Jones, 297 F.3d at 934. To state a claim under §1983, defendant must identify the specific individuals whose acts and omissions violated, or contributed to violating his constitutional rights. Johnson, 588 F.2d at

743. By not naming any individual defendants, the allegations in the SAC fail to satisfy this requirement.

Alternatively, plaintiff may be seeking to bring a municipal liability claim, also known as a Monell claim. In order to state a Monell claim, plaintiff must show that the municipality's policy or custom caused the alleged constitutional injury. See Leatherman v. Tarrant County Narc. Intell. and Coord. Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694. A municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts a constitutional injury. Id.; Monell, 436 U.S. at 690-94 (plaintiff must show the constitutional injury was caused by employees acting pursuant to the municipality's policy or custom); Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

The SAC fails to allege sufficient facts to state a Monell claim. Plaintiff has not claimed that the execution of county policy or custom resulted in plaintiff's injuries. The SAC also does not contain any factual allegations regarding the policies or customs of Sacramento County or its local government units. It also does not connect any policy or custom to plaintiff's injuries. As such, it fails to satisfy the requirements to state a Monell claim. See Long, 442 F.3d at 1185; Monell, 436 U.S. at 690-94.

In light of the above, plaintiff has failed to allege sufficient facts to state a claim in the SAC. However, as it appears possible that plaintiff may be able to state a claim, he will be given the opportunity to amend his complaint.

## AMENDING THE COMPLAINT

This court finds above that plaintiff has failed to allege sufficient facts to state a claim. Plaintiff will be given leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

////

In an amended complaint, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

1   An amended complaint must be complete in itself, without reference to any prior pleading.
2   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.
3   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has
4   evidentiary support for his allegations, and for violation of this rule, the court may impose
5   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## MOTIONS FOR EXTENSION OF TIME

7   Plaintiff has filed two separate motions for extensions of time.  (ECF Nos. 17, 24.)  At the
8   time these motions were filed, plaintiff was not under any deadlines as set by the court, Local
9   Rules, or Rules of Civil Procedure.  As such, these motions for extensions of time (ECF Nos. 17,
10  24) were premature and will be denied as such.

## MOTION TO COMPEL DISCOVERY

12  On August 12, 2022, plaintiff filed a motion to compel discovery.  (ECF No. 25.)
13  Pursuant to 28 U.S.C. § 1915A(a) the court must screen plaintiff's complaint for cognizable
14  claims prior to defendants being ordered to respond to the complaint.  The court has not yet found
15  that plaintiff has stated a cognizable claim.  As such, defendants have not been ordered to file an
16  answer or other responsive pleading.  Discovery does not occur until an answer has been filed and
17  the court issues a discovery and scheduling order.  See Fed. R. Civ. P. 16(b).  Accordingly,
18  plaintiff's motion to compel discovery (ECF No. 25) will be denied as premature.
19  ////
20  ////
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////
27  ////
28  ////

# CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 16) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's motions for extension of time (ECF Nos. 17, 24) are denied as premature.
4. Plaintiff's motion to compel discovery (ECF No. 25) is denied as premature.
5. Plaintiff's motion to amend the complaint (ECF No. 22) is granted.
6. The Second Amended Complaint (ECF No. 23) is dismissed with leave to amend as it fails to state a cognizable claim.
7. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.
8. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: August 23, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/alle0344.scrn_lta