1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY LEE ALLEN,                         No.  2:21-cv-00344 DB P

12                    Plaintiff,

13           v.                                   ORDER

14    SACRAMENTO COUNTY, et al.,

15                    Defendants.

16

17          Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims that his Eighth Amendment rights were violated by "bad living

19    conditions" due to COVID-19.  (ECF No. 30 at 3.)  Before the court is plaintiff's Third Amended

20    Complaint ("TAC") for screening (ECF No. 30) and plaintiff's motion to appoint counsel (ECF

21    No. 31.)

22          For the reasons stated below, the court will dismiss plaintiff's TAC with leave to amend

23    and deny plaintiff's motion to appoint counsel without prejudice.

24                                        **SCREENING**

25    **I.      Legal Standards**

26          The court is required to screen complaints brought by prisoners seeking relief against a

27    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

28    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

3    U.S.C. § 1915A(b)(1) & (2).

4          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9    pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

10   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

11   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

12   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

13   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

14         However, in order to survive dismissal for failure to state a claim a complaint must

15   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21         The Civil Rights Act under which this action was filed provides as follows:

22              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the deprivation
23              of any rights, privileges, or immunities secured by the Constitution .
                . . shall be liable to the party injured in an action at law, suit in equity,
24              or other proper proceeding for redress.

25   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

27   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

28   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

                                             2

1   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2   an act which he is legally required to do that causes the deprivation of which complaint is made."

3   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

5   their employees under a theory of respondeat superior and, therefore, when a named defendant

6   holds a supervisorial position, the causal link between him and the claimed constitutional

7   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

8   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

9   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

10  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11  **II.      Linkage Requirement**

12        Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

13  that each defendant personally participated in the deprivation of his rights.  See Jones v.

14  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

15  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

17  v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

18        Government officials may not be held liable for the actions of their subordinates under a

19  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

20  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious

21  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has

22  violated the Constitution through his own individual actions by linking each named defendant

23  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

24  Id.

25  **III.     Allegations in the TAC**

26        Plaintiff indicates that, at all relevant times, he was located at Rio Consumnes

27  Correctional Center ("RCCC").  (ECF No. 30 at 3.)  Plaintiff names Sacramento County, RCCC,

28  and Sacramento County Sheriff Scott Jones as the defendants in this action.  (Id. at 2.)

3

1    Plaintiff alleges the following in the complaint:  While at RCCC, plaintiff tested positive

2  for COVID-19.  (Id. at 3.)  Plaintiff contracted COVID-19 "due to the negligence of the staff at

3  RCCC" and violations of CDC regulations.  (Id.)  After plaintiff was tested, he asked for the

4  results multiple times but was denied or did not receive a response.  (Id.)  "They would move sick

5  people into [plaintiff's] pod on purpose."  (Id.)

6    Plaintiff claims he was injured by contracting COVID-19 "due to the negligence of human

7  life."  (Id.)  Plaintiff seeks monetary damages of five million dollars ($5,000,000).  (Id. at 4.)

8    Plaintiff also submitted a supplemental complaint.  (ECF No. 33.)  However, this

9  supplement contains largely the same allegations as the TAC.  (See Id.)  Plaintiff alleges that sick

10  inmates were deliberately moved into his "pod" and that inmates were subjected to negligent

11  treatment.  (Id. at 4.)

12    **IV.    Does Plaintiff State a Claim under § 1983?**

13    The TAC fails to allege sufficient facts to state a claim.  Of primary issue is that plaintiff's

14  allegations fail to satisfy the linkage requirement.  To state a claim under §1983, defendant must

15  identify the specific individuals whose acts and omissions violated, or contributed to violating his

16  constitutional rights.  Johnson, 588 F.2d at 743.  Plaintiff must also establish a causal link

17  between the actions of the defendants and the deprivation of rights suffered by the plaintiff.

18  Ortez, 88 F.3d at 809; see also Taylor, 880 F.2d at 1045.

19    Plaintiff has only named RCCC, Sacramento County, and Sheriff Scott Jones as

20  defendants.  Plaintiff has not alleged the specific acts or omissions by any of those defendants

21  which violated his rights.  Plaintiff only connects defendant Jones to his claims by stating that

22  plaintiff was under defendant Jones' "care and supervision" when plaintiff was at RCCC.  (ECF

23  No. 30 at 3.)  Defendant Jones cannot be held liable under a theory of respondeat superior,

24  plaintiff must establish that defendant performed some form of affirmative act or omission that

25  caused or contributed to causing a violation of plaintiff's federal rights.  Iqbal, 556 U.S. at 676;

26  Johnson, 588 F.2d at 743.  Plaintiff does not mention the acts or omissions of RCCC and

27  Sacramento County in his factual allegations at all.  As such, the TAC fails to allege sufficient

28  facts to state a claim against defendants.

4

1    It is possible that plaintiff could state a claim under Monell.  See Monell, 436 U.S. at 691

2    n.55.  To state such a claim, plaintiff must show that the municipality's policy or custom caused

3    the alleged constitutional injury.  See Leatherman v. Tarrant County Narc. Intell. and Coord.

4    Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694.  A municipality may not be sued solely

5    because an injury was inflicted by one of its employees or agents.  Long v. County of Los

6    Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Rather, the municipality is liable only when the

7    execution of its policy or custom inflicts a constitutional injury.  Id.; Monell, 436 U.S. at 690-94

8    (plaintiff must show the constitutional injury was caused by employees acting pursuant to the

9    municipality's policy or custom); Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir.

10    2005).

11    Plaintiff has not alleged any facts that would establish a claim under Monell.  The TAC

12    does not identify any policies or customs which caused plaintiff's injuries.  As such, it fails to

13    satisfy the requirements to state a Monell claim.  See Long, 442 F.3d at 1185; Monell, 436 U.S. at

14    690-94.  The supplemental complaint does not resolve any of the above issues as it largely

15    restates the same claims.  Both the TAC and supplemental complaint do not contain sufficient

16    factual allegations to satisfy the linkage requirement.  Accordingly, plaintiff has failed to allege

17    sufficient facts to state a claim in the TAC.

18    Plaintiff may still be able to state a claim.  As such, he will be given the opportunity to

19    amend his complaint.  Plaintiff should ensure in any amended complaint that he is specifically

20    identifying the acts or omissions each individual defendant took which violated or contributed to

21    violating his rights.  Iqbal, 556 U.S. at 676; Johnson, 588 F.2d at 743.  If plaintiff is unable to

22    bring an amended complaint that contains satisfies the linkage requirement, the court may

23    recommend that this action be dismissed.

## AMENDING THE COMPLAINT

25    This court finds above that plaintiff has failed to allege sufficient facts to state a claim.

26    Plaintiff will be given leave to file an amended complaint.  If plaintiff chooses to file an amended

27    complaint, he must address the problems with his complaint that are explained above.  Any

28    ////

1  amended complaint must be complete in itself.  The court cannot refer to a prior complaint to

2  understand the plaintiff's claims.

3  In an amended complaint, plaintiff must clearly identify each defendant and the action that

4  defendant took that violated plaintiff's constitutional rights.  The court is not required to review

5  exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If

6  plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

7  allegations must be set forth in the amended complaint, so defendants have fair notice of the

8  claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

9  of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

10  Civ. P. 8(a).

11  Any amended complaint must show the federal court has jurisdiction, the action is brought

12  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

13  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

14  personally participated in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy,

15  588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a

16  constitutional right if he does an act, participates in another's act, or omits to perform an act he is

17  legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

18  official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

19  266, 268 (9th Cir. 1982) (citations omitted).

20  In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

21  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

22  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

23  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

24  The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

25  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

26  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

27  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

28  set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

1  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

2  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

3        An amended complaint must be complete in itself, without reference to any prior pleading.

4  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

5  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

6  evidentiary support for his allegations, and for violation of this rule, the court may impose

7  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8                **MOTION FOR APPOINTMENT OF COUNSEL**

9        Plaintiff has also filed a motion for the appointment of counsel.  (ECF No. 31.)  The

10  United States Supreme Court has ruled that district courts lack the authority to require counsel to

11  represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

12  298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

13  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

14  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

15        The test for exceptional circumstances requires the court to evaluate the plaintiff's

16  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

17  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

18  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

19  common to most prisoners, such as lack of legal education and limited law library access, do not

20  establish exceptional circumstances that would warrant a request for voluntary assistance of

21  counsel.

22        In the present case, the court does not find the required exceptional circumstances.

23  Plaintiff's claims do not at this point appear to involve particularly complex legal issues.

24  Additionally, plaintiff has succeeded in complying with court orders and filing motions with the

25  court.  (See e.g., ECF No. 13, 16, 17, 22, 24, 31.)  The court is also unable to ascertain plaintiff's

26  likelihood of success at this stage of the proceedings as plaintiff has not successfully stated a

27  claim whose merits can be analyzed to determine plaintiff's likelihood of success.  Given these

28  ////

1  facts, the court does not find that exceptional circumstances exist and will deny plaintiff's request

2  for counsel without prejudice to its renewal at a later stage of these proceedings.

3  **CONCLUSION**

4      For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

5  follows:

6      1.  Plaintiff's motion to appoint counsel (ECF No. 31) is denied without prejudice to its

7          renewal.

8      2.  The Third Amended Complaint (ECF No. 30) and supplemental complaint (ECF No.

9          33) are dismissed with leave to amend as they fail to state a cognizable claim.

10      3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

11          complaint that complies with the requirements of the Civil Rights Act, the Federal

12          Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint

13          must bear the docket number assigned this case and must be labeled "Fourth Amended

14          Complaint."  Failure to file an amended complaint in accordance with this order may

15          result in a recommendation that this action be dismissed.

16      4.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

17          form used in this district.

18  Dated:  April 3, 2023

19

20  _____

21  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28  DB:14
    DB/DB Prisoner Inbox/Civil Rights/S/alle0344.scrn_lta(2)