UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE ALLEN, JR., | No. 2:21-cv-0344 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants exposed him to COVID-19 in violation of his constitutional rights. Presently before the court is plaintiff's motion for an extension of time (ECF No. 42) and his fourth amended complaint (ECF No. 40) for screening. For the reasons set forth below, the undersigned will recommend that the fourth amended complaint ("FAC") be dismissed without leave to amend.

**MOTION FOR AN EXTENSION OF TIME**

Plaintiff filed a request for a ninety-day extension of time and notice of change of address dated October 5, 2023. (ECF No. 42.) At the time plaintiff's motion was submitted there were no pending deadlines in this action. Accordingly, the undersigned will deny the request for an extension of time as moot.

////

1

**SCREENING**

### I.  Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////
////
////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges that the events giving rise to the claim occurred while he was confined at Rio Consumnes Correctional Center ("RCCC"). (ECF No. 40 at 3.) He names (1) Vanessa Vaden, watch commander at RCCC; (2) Scott Jones, Sacramento County Sheriff; (3) RCCC; (4) Sacramento County; (5) the City of Elk Grove; and (6) the City of Sacramento as defendants. (Id. at 1, 2.)

Plaintiff alleges that on an unspecified date staff at RCCC "deliberately weaponized COVID-19 and placed infected inmates" into his housing unit "which had not yet been infected." (Id. at 3.) Plaintiff states he was infected with COVID -19. (Id.) He concludes that "Ms. Vaden was in charge at the time of this incident" based on her position as watch commander. (Id.)

3

Plaintiff states "[t]his lawsuit is in reference to COVID-19 and that CDC recommendations are not being met. Social distancing, mask uncleanly environment and the fact that [he is] innocent until proven guilty." (Id. at 4.) He states that he tested positive "due to the negligence of the Sacramento Sheriff's Dept, as well as the medical staff's disregard for human life, safety and well being." (Id.) Plaintiff seeks compensatory and punitive damages. (Id. at 5.)

### III. Failure to State a Claim

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause." Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (citing Bell, 441 U.S. at 537). "[T]he plaintiff must 'prove more than negligence but less than subjective intent— something akin to reckless disregard.'" Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting Castro, 833 F.3d at 1071).

#### A. Vaden

Plaintiff states that due to staff neglect he exposed to COVID-19 in violation of his right to be free from cruel and unusual punishment. (ECF No. 40 at 3.) He further concludes that defendant Vaden was responsible based on her position as watch commander. (Id.) However, he has not stated any facts showing that Vaden was involved in placing infected inmates in plaintiff's housing unit such as directing staff to make a transfer, or that Vaden was aware of and ignored signs inmates were infected.

As plaintiff was previously advised (ECF No. 11 at 5; ECF No. 38 at 4), to state a claim under § 1983, he must establish a causal link between the actions of the defendants and the deprivation of rights suffered by the plaintiff. Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not stated any facts from which the undersigned could conclude that any named defendant

4

knowingly caused plaintiff to suffer harm.  Thus, the complaint fails to state a cognizable claim against Vaden.

### B. Jones

The complaint does not contain allegations indicating what acts or omissions of defendant Sheriff Scott Jones led to the alleged violation of plaintiff's rights.  He has indicated that he contracted COVID-19 due to the negligence of the Sacramento Sheriff's Department.  (ECF No. 40 at 4.)  Plaintiff was also previously advised (ECF No. 38 at 4), that he must allege facts showing Jones performed some affirmative act or omission that caused or contributed to causing a violation of plaintiff's rights.  Iqbal, 556 U.S. at 676; Johnson, 588 F.2d at 743.  In the absence of facts showing how Jones violated plaintiff's rights the undersigned finds that the complaint fails to state a cognizable claim against defendant Jones.

### C. Municipal Defendants

The complaint does not contain any allegations identifying a policy or custom of Sacramento County or the cities of Elk Grove or Sacramento that led to the alleged rights violations.  Plaintiff was previously advised (ECF No. 38 at 5) that in order to state a claim against a municipality, such as Sacramento County, he must identify a policy or custom that caused the violation of his constitutional rights.  Leatherman v. Tarrant County Narc. Intell. and Coord Unit, 507 U.S. 163, 166 (1993); Monell, 436 U.S. at 694.  Accordingly, the undersigned finds the allegations in the complaint fail to state a claim against Sacramento County, Elk Grove, or Sacramento.

### D. RCCC

The complaint does not contain any facts indicating acts or omissions of RCCC that led to the violation of his rights.  As plaintiff was previously advised (ECF No. 11 at 5; ECF No. 38 at 4), in order to state a claim, plaintiff must provide allegations specifying the acts or omissions that led to the violation of his rights.  Bell Atlantic, 550 U.S. at 555.  In the absence of such facts, the undersigned finds the complaint fails to state a cognizable claim against RCCC.

////

////

### IV.    No Leave to Amend

As set forth above, the allegations in the complaint are insufficient to state a potentially cognizable claim against any defendant.  The court will recommend that the fourth amended complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them.  A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]"  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1008 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 42) is denied as moot; and

2. The Clerk of the Court shall randomly assign a district judge to this case.

IT IS HEREBY RECOMMENDED that the fourth amended complaint (ECF No. 40) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

////

1  Plaintiff is advised that failure to file objections within the specified time may result in
2  waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
3  1991).
4  Dated: December 12, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/alle0344.scrn.4AC